FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 16 PM 4: 08

Cabot Christianson, Esq.
CHRISTIANSON & SPRAKER
911 W. 8th Avenue, Suite 302
Anchorage, AK 99501
Telephone: (907) 258-6016
Telefax: (907) 258-2026
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| South Coast, Inc. and the barge SUNNY POINT, <br><br> Plaintiffs, <br><br> v. <br><br> Alaska Marine Surveyors, Inc., <br><br> Defendant. | ) ) ) ) ) ) **Case No. A05-0090 CV (JWS)** ) ) ) ) ) ) |

### REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON INJURIOUS FALSEHOOD

Plaintiffs respond to defendant's opposition/reply memorandum concerning injurious falsehood as follows:

1.  Facts offered in opposition to a summary judgment motion must be based upon affidavit, not lawyer argument. Fed R. Civ. P. 56(e), *U.S. v. CNA Financial,* 381 F. Supp. 2d 1088, 1091 (D. Alaska 2005).

PAGE 1   REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT ON INJURIOUS FALSEHOOD
H:\2501\SCOAST V. AK MARINE SURVEYORS\REPLY - MSJ- INJURIOUS FALSEHOOD.WPD

2.  Section 623A(b) of the Restatement of Torts, Second, requires that the publisher "*knows* that the statement is false or acts in *reckless disregard* of its truth or falsity" (emphasis added).[1]

3.  Actual knowledge and reckless disregard are factual issues. Even if one assumes that the statement, contained in the bill of sale, concerning clear title was false,[2] AMS has offered no affidavits controverting the factual propositions that Crandall believed the statements to be true, or that Crandall acted in reckless disregard of the truth.

4.  Crandall's uncontradicted affidavit shows that he did not even know who Alaska Marine Surveyors was (Second Crandall Affidavit, ¶6), that he was unaware of AMS's email stating that it intended to lien the vessel (¶7), and that he delivered the bill of sale to an experienced marine broker who was expected to clear any liens that existed at closing (¶3 and 4).

5.  AMS's counsel argues that (a) South Coast is imputed to have knowledge of the email; (b) Crandall, a lay person, is chargeable with the knowledge that an unfiled lien is valid in admiralty; (c) South Coast had constructive notice of the lien when it was filed; and (d)

---

[1] Section 623A provides: One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if:
   (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and
   (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

[2] Only because admiralty liens attach secretly.

PAGE 2   REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT ON INJURIOUS FALSEHOOD
H:\2501\SCOAST V. AK MARINE SURVEYORS\REPLY - MSJ- INJURIOUS FALSEHOOD.WPD

LAW OFFICE OF
CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, SUITE 302 • ANCHORAGE, ALASKA 99501
PHONE: (907) 258-6016 • FAX: (907) 258-2026

South Coast is chargeable for the errors of Kim Marine. But AMS has cited no authority, and South Coast is aware of none, to the effect that imputed or constructive knowledge can satisfy a requirement of actual knowledge, or of reckless disregard.

6.  Since South Coast's factual assertions concerning actual knowledge and reckless disregard are unrebutted, and since AMS's legal arguments are unsupported by authority, this court should find as a matter of law that Section 623A(b)'s requirements of actual knowledge and reckless disregard are not met in this case.

7.  Just as one cannot be constructively reckless for purposes of Section 623A(b), one cannot be constructively intentionally culpable under Section 623A(a), which requires that the publisher "intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so."

10.  AMS concedes that South Coast did not intend to harm AMS (memo, p. 5-6) but contends that South Coast "either recognize or should recognize" that the misstatement in the bill of sale would cause AMS harm. But once again, AMS has provided no affidavits supporting its lawyer's arguments. The only admissible evidence on file is Crandall's affidavit that he assumed that the broker would clear all liens at closing.

11.  AMS's statements concerning the existence of harm are likewise without merit. Plaintiffs instituted this litigation in order to have the amount of the lien determined by a

PAGE 3   REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT ON INJURIOUS FALSEHOOD
H:\2501\SCOAST V. AK MARINE SURVEYORS\REPLY - MSJ- INJURIOUS FALSEHOOD.WPD

court of competent jurisdiction. However, this suit would have been necessary whether or not the vessel sold.

12. The privilege upheld in *Zamarello v. Yale,* 514 P.2d 228 (Alaska 1973) applies to judicial proceedings, both contemplated and not contemplated at the time of the statement in question. Restatement (Second) Torts § 587 provides that a communication is privileged "preliminary to a proposed judicial proceeding, or in the institution of or during the course and as part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." The bill of sale chronologically preceded, but is part of and directly related to, the present suit. If South Coast had filed the present suit and then sold the vessel under a bill of sale promising clear title, even AMS would concede that the bill of sale was privileged. But AMS claims that if the vessel is sold at a time the vessel owner is unaware of the lien, and then the seller files suit to clear title, there is no privilege. There is no logic to the seller being protected in the first situation but not in the second situation, and § 587 is best interpreted as covering both situations.

Under AMS's argument, it is impossible for a vessel owner to sell a vessel without being exposed to a suit for injurious falsehood brought by the holder of a contested lien on the vessel. A bill of sale promising clear title is, under AMS's view of the world, enough to trigger a state law cause of action for injurious falsehood, even if there are funds in escrow or a surety bond in place to fully protect the vessel.

PAGE 4   REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT ON INJURIOUS FALSEHOOD
H:\2501\SCOAST V. AK MARINE SURVEYORS\REPLY - MSJ- INJURIOUS FALSEHOOD.WPD

For the foregoing reasons, plaintiffs are entitled to summary judgment in their favor on the issue of injurious falsehood.

Dated this 16 day of December, 2005.

CHRISTIANSON & SPRAKER
Attorneys for Plaintiffs

By_____
Cabot Christianson

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 16, 2005, the foregoing document was mailed to:

- Richard E. Welsh, Esq.
  PO Box 100100
  Anchorage, AK 99510

- Geoffrey Currall, Esq.
  540 Water Street, #302
  Ketchikan, AK 99901

By_____
Margaret Stroble

PAGE 5   REPLY MEMORANDUM RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT ON INJURIOUS FALSEHOOD
H:\2501\SCOAST V. AK MARINE SURVEYORS\REPLY - MSJ- INJURIOUS FALSEHOOD.WPD

LAW OFFICE OF
CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, SUITE 302 • ANCHORAGE, ALASKA 99501
PHONE: (907) 258-6016 • FAX: (907) 258-2026