**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| SOUTH COAST, INC., and the barge SUNNY POINT, O.N. 604217, <br><br> Plaintiffs, <br><br> vs. <br><br> ALASKA MARINE SURVEYORS, INC., <br><br> Defendant, <br><br> ALASKA MARINE SURVEYORS, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> SOUTH COAST, INC., in personam, and the barge SUNNY POINT, her engines, tackle, gear, apparel, furniture and equipment, in rem, <br><br> Counterclaim defendants. | 3:05-cv-00090-JWS <br><br> ORDER FROM CHAMBERS <br><br> [Re: Motions at Dockets 25 and 36] |

### I. MOTIONS PRESENTED

At docket 25, South Coast, Inc., has filed a motion for partial summary judgment on the maritime lien counterclaim filed against the barge *Sunny Point* by Alaska Marine

Surveyors, Inc. ("AMS"). At docket 36, AMS has filed an opposition to South Coast's motion and a cross motion for partial summary judgment on its breach-of-contract counterclaim against South Coast and its maritime lien counterclaim against the *Sunny Point*. At docket 40, South Coast has filed a reply in support of its partial summary judgment motion and an opposition to AMS's partial summary judgment motion. At docket 42, AMS has filed a reply in support of its partial summary judgment motion. Oral argument has not been requested on either motion and would not assist the court.

## II. BACKGROUND

Between October of 2003 and August of 2004, AMS provided marine surveying services to the *Sunny Point*, which was owned by South Coast at the time. AMS billed South Coast for its services, but a dispute arose over the bills and AMS filed a maritime lien against the *Sunny Point* on six invoices:

| DATE | INVOICE | BALANCE |
|---|---|---|
| 10/24/2003 | MS0629 | $4,541.14 |
| 12/30/2003 | MS0641 | $4,843.20 |
| 03/09/2004 | MS0648 | $4,409.99 |
| 04/07/2004 | MS0654 | $810.00 |
| 07/07/2004 | MS0654F | $630.00 |
| 09/24/2004 | MS0654A | $3,044.47[1] |

The first invoice, MS0629, includes an "18% Overhead Fee" of $688.14.[2] The second invoice, MS0641, also lists the 18% Overhead Fee but notes that it was "waived."[3] The third, fourth, and fifth invoices, labeled MS0648, MS0654, and MS0654F, respectively,

---

[1]Doc. 36, ex. B, p. 2.

[2]*Id.*, ex. A, p. 1.

[3]*Id.*, ex. A, p. 3.

do not list the 18% Overhead Fee.[4] The last invoice, MS0654A, was "an application of the 18% Overhead Fee," according to AMS's president, Jack L. McFarland.[5] He did not say to what the fee was being applied.

All the invoices remain contested. South Coast's president, Thomas L. Crandall, maintains that South Coast tendered payment on the first invoice and that AMS refused its tender.[6] He also declares an insurance company paid $10,693.19 in satisfaction of the second, third, fourth, and fifth invoices,[7] and although AMS acknowledges receiving the insurance company's payment,[8] it denies the payment was for specific invoices.[9] As for the last invoice, Crandall denies it was part of the parties' agreement.[10]

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed.[11] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but

---

[4]*Id.*, ex. A. pp. 9, 12, 16.

[5]*Id.*, affidavit of Jack L. McFarland, p. 2, ¶ 8.

[6]Doc. 25, affidavit of Thomas L. Crandall, p. 5, ¶ 13.

[7]*Id.*, affidavit of Thomas L. Crandall, p. 3, ¶ 5.

[8]Doc. 36, p. 3.

[9]*Id.*, p. 13.

[10]Doc. 25, affidavit of Thomas L. Crandall, p. 3, ¶ 6.

[11]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

need not produce evidence negating that claim.[12] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[13] The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[14]

## IV. DISCUSSION

Summary judgment is not appropriate on either AMS's maritime lien or breach-of-contract counterclaims because there is a genuine issue about at least one fact that is material to both counterclaims. One disputed, material fact is whether the charges in the final invoice, MS0654A, were part of AMS and South Coast's bargain. By billing for those charges and including them in its maritime lien filing, AMS has shown it believes they were part of the bargain. But South Coast's president, Crandall, disagrees. This dispute must be resolved at trial.

From an economic standpoint, settlement might be a better choice than trial. It appears that $15,234.33 has been tendered or paid so far, and if that amount were applied to AMS's invoices, it appears that only $3,044.47 is actually disputed. Even if interest were added to that amount, the cost of trial will likely exceed the amount being contested. The court realizes that AMS has an additional counterclaim based on an alleged injurious falsehood. While not now ruling on the motion relating to that claim, it

---

[12]*Id.* at 325.

[13]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[14]*Id.* at 255.

Case 3:05-cv-00090-JWS   Document 53   Filed 01/26/06   Page 4 of 5

can fairly be said that the court's preliminary view of that counterclaim is that it lacks merit.

Counsel are directed to discuss the economic realities of this case with their clients and then to confer with one another in an attempt to resolve this litigation. The court deems it reasonable to expect closing papers to be filed in 30 days or less.

## V.  CONCLUSION

For the reasons set out above, the motions at dockets 25 and 36 are **DENIED**. A status report shall be filed in 30 days unless closing papers are sooner filed.

DATED at Anchorage, Alaska, this 26th day of January 2006.

/s/<br>
JOHN W. SEDWICK<br>
UNITED STATES DISTRICT JUDGE